IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              Cv. No. 05-2473-B/P
                                Cr. No. 93-20220(G)

MALCOLM A. GREENE,

    Defendant.

---

ORDER CONSTRUING FILING AS MOTION PURSUANT TO
28 U.S.C. § 2244(b)(3)
AND
ORDER TRANSFERRING MOTION PURSUANT TO 28 U.S.C. § 2244(b)(3)
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

---

Defendant Malcolm A. Greene, Bureau of Prisons inmate registration number 14404-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se motion pursuant to 28 U.S.C. § 2255 on June 23, 2005.

On August 23, 1993, a federal grand jury indicted defendant on one count of possession of approximately fifty-one grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2. On January 28, 1994, defendant pled guilty before United States District Judge Odell Horton. On May 12, 1994, United States District Judge Julia Gibbons conducted a sentencing hearing, entered a judgment of conviction, and sentenced Greene to 262

months, plus a five-year period of supervised release.  Defendant did not appeal.

Greene filed a motion pursuant to 28 U.S.C. § 2255 on December 13, 1995, in which he contended that counsel provided ineffective assistance by:

1)  failing to file an appeal as requested; and
2)  misleading Greene as to the potential sentence and failing to advise him of the effect of the career offender enhancement, thus rendering his plea involuntary.

The United States responded to the motion and defendant filed a reply to the response.  Judge Gibbons then appointed counsel for Greene and conducted an evidentiary hearing. On November 18, 1997, Judge Gibbons denied Greene's § 2255 motion as without merit and denied a certificate of appealability. Judgment was entered on November 24, 1997.  Greene v. United States, No. 95-2989-G/A (W.D. Tenn. Nov. 24, 1997). Greene appealed and the Sixth Circuit affirmed the district court's decision. Greene v. United States, No. 98-5031 (6th Cir. Sept. 20, 1999).

Greene has now filed a second § 2255 motion, contending he is entitled to a new sentencing hearing in light of Shepard v. United States, 544 U.S. 13 (2005).  This motion is a successive § 2255 motion that cannot be filed in this district without obtaining permission from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also United States v. Bender, 96 Fed. Appx. 344 (6th Cir. Apr. 26, 2004); McQueen v.

Scroggy, 99 F.3d 1302, 1334-35 (6th Cir. 1996). Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.

Greene's latest motion cannot be filed in this district without permission from the Court of Appeals. Therefore, under Sims, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer this motion to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 22nd day of December, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE